**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------- X

RONALD DAVIDSON,

                                 Plaintiff,

      -against-

CHUNG SHUK LEE, Shawangunk Correctional Facility
Health Services Director (in his individual capacity); SUSAN
MUELLER, Regional Medical Director (in her individual
capacity); CARL J. KOENIGSMANN, Deputy
Commissioner/Chief Medical Officer (in his individual
capacity); JOHN and JANE DOEs, medical services staff at
Shawangunk Correctional Facility (sued in their individual
capacities),

                               Defendants.

Case No. 17-cv-9820

------------------------------------------------------------------------------- X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT OR TRANSFER VENUE**


BERNSTEIN CLARKE & MOSKOVITZ PLLC
11 Park Place, Suite 914
New York, New York 10007
(212) 321-0087
moskovitz@bcmlaw.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................i

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT..........................................................................................................................4

      I.      VENUE IS PROPER UNDER 28 U.S.C. § 1391(b)(1) BECAUSE
            ONE OF THE DEFENDANTS' OFFICIAL RESIDENCE IS IN
            THIS DISTRICT ................................................................................................4

      II.     THE COURT SHOULD NOT TRANSFER THE CASE TO THE
            NORTHERN DISTRICT BECAUSE THE PLAINTIFF AND
            TWO OF THE THREE NAMED DEFENDANTS RESIDE IN
            THIS DISTRICT, IMPORTANT WITNESSES AND
            DOCUMENTS ARE LOCATED HERE, SIGNIFICANT
            EVENTS OCCURRED HERE, AND PLAINTIFF'S CHOICE OF
            VENUE IS ENTITLED TO SUBSTANTIAL CONSIDERATION ....................7

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*A. Olinick & Sons v. Dempster Bros., Inc.*,
  365 F.2d 439 (2d Cir. 1966)...................................................................10

*Berry v. N.Y. State Dep't of Corr. Servs.*,
  808 F. Supp. 1106 (S.D.N.Y. 1992) ...........................................................5

*Butterworth v. Hill*,
  114 U.S. 128 (1885) ...................................................................................6

*Eichenholtz v. Brennan*,
  677 F. Supp. 198, 199-200 (S.D.N.Y. 1988) ...........................................10

*Fowler v. Fischer*,
  No. 13-cv-6262 2014 U.S. Dist. LEXIS 113313 (S.D.N.Y. Aug. 14, 2014) ....................5

*Hall v. S. Orange*,
  89 F. Supp. 2d 488 (S.D.N.Y. 2000) ..........................................................4

*Pierce v. Coughlin*,
  806 F. Supp. 426 (S.D.N.Y. 1991).............................................................7

*Procario v. Ambach*,
  466 F. Supp. 452 (S.D.N.Y. 1979).............................................................5

*South Ogden CVS Store, Inc. v. Ambach*,
  493 F. Supp. 374 (S.D.N.Y. 1980).............................................................5

## STATUTES AND RULES

28 U.S.C. § 1391............................................................................... 1, 3, 6

28 U.S.C. § 1404........................................................................................7

Fed. R. Civ. P. 45......................................................................................9

## OTHER

Facility Listing, New York State Dep't of Corrections & Cmty. Super.,
http://www.doccs.ny.gov/faclist.html (last visited May 2, 2018) ...........................3, 4

## PRELIMINARY STATEMENT

The Court should deny Defendants' Rule 12(b)(3) motion to dismiss because venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1). That statute prescribes venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." There is no dispute that all of the Defendants reside in New York, and there is no dispute that Defendant Carl J. Koenigsmann resides in Putnam County, which is located in this District. Instead, Defendants argue that "under 28 U.S.C. § 1391 . . . public officials reside in the district in which they perform their official duties," as opposed to where they live. Defs.' Memo. of Law at 5 (ECF Doc. 17). Yet, Defendants concede that "Defendant Dr. Mueller . . . currently has an office at Fishkill Correctional Facility, which is located in the Southern District." *Id.* at 5 n.4. Thus, according to Defendants' own argument and this concession, venue is proper in this District.

Nonetheless, Defendants assert that Dr. Mueller is "employed in the Northern District" because "[t]he majority of the facilities that Defendant Mueller supervises" are in the Northern District, so "her official duties are therefore performed in the Northern District." *Id.* at 1, 5 n.4. Defendants offer no authority to support the proposition that it is not where a public official works, but where the facilities she oversees are located that matters. This argument runs counter to the principle, relied upon by Defendants, that official residence is dictated by where an official performs her official duties. It also defeats the point of placing venue in the district in which a defendant is most often located. For Dr. Mueller, that District is the Southern District.

The Court also should deny Defendants' motion to transfer venue to the Northern District. The Plaintiff and two of the three named Defendants reside in this District, important witnesses and significant documents are located here, pertinent events to the case occurred here,

1

and Plaintiff's choice of venue is "entitled to substantial consideration."  The convenience of parties and witnesses and the interest of justice thus favor retaining venue in this District.

## BACKGROUND

This lawsuit arises from the denial of care for Plaintiff's serious medical needs while he was incarcerated at Shawangunk Correctional Facility.  Compl. ¶ 1 (ECF Doc. 3).  For years, "Plaintiff was denied necessary care for a serious gastrointestinal disorder, degenerative conditions in both shoulders and his left knee, back pain and sciatica, and dental infirmities."  *Id.* ¶ 2.  Plaintiff complained constantly about the pain he was experienceing from these untreated conditions, and despite the fact that several specialists had prescribed appropriate treatment options, Plaintiff was denied that treatment.  *Id.*

The Defendants are Chung Shuk Lee, the Shawangunk Correctional Facility Health Services Director; Susan Mueller, the Department of Corrections and Community Supervision ("DOCCS") Regional Medical Director; Carl J. Koenigsmann, the DOCCS Deputy Commissioner/Chief Medical Officer; and as-of-yet unnamed John and Jane Doe medical services staff at Shawangunk.  *Id.* ¶¶ 15-18.  The Defendants are all sued solely in their individual capacity.  *Id.*

The Defendants were personally aware of Plaintiff's untreated serious medical conditions.  Milton Zelermyer, an attorney with the Legal Aid Society's Prisoners' Rights Project, wrote to Drs. Lee, Mueller, and Koenigsmann on dozens of occasions over two years describing the circumstances of Plaintiff's untreated medical conditions.  *Id.* ¶¶ 3, 25-28, 37, 41, 44, 51-55, 57, 67, 69, 72, 79, 80, 85, 119, 120, 123, 130-31.  Among other things, these letters detailed what specialists had prescribed for Plaintiff's conditions and identified the deficiencies in Plaintiff's treatment.  *Id.*  Dr. Koenigsmann responded to some of Mr. Zelermyer's letters.

2

*See id.* ¶¶ 82, 83, 132-33.  "Nonetheless, [the Defendants] delayed, denied, or refused to provide [Plaintiff] with the necessary treatment."  *Id.*

In addition to the prolonged period that Plaintiff was denied appropriate medical care, and the actual knowledge of the Defendants that Plaintiff was in pain and still not receiving adequate treatment, there is strong evidence that the refusal to provide Plaintiff with necessary care was not mere oversight, but deliberate indifference.  Among other things, when surgery was finally scheduled for Plaintiff's left shoulder condition, it was scheduled for the very day that Plaintiff was to be released on parole.  *Id.* at ¶ 5. "Dr. Lee told Mr. Davidson that if he wanted the surgery to go forward, he had to agree to postpone his parole to do physical therapy – even though the physical therapy for this particular surgery is routinely done on an outpatient basis and could have been done while Mr. Davidson was a free man."  *Id.*  Less than three months after Plaintiff's release, he suffered a debilitating rupture to the attachment of his bicep muscle in his left shoulder, and had to undergo emergency surgery to reattach the muscle.  *Id.* ¶ 6.  "The rupture, surgery, and following therapy caused [Plaintiff] extensive pain."  *Id.*

Throughout the time that Plaintiff was denied medical treatment, he was taken to the medical clinic at Green Haven Correctional Facility.   Plaintiff was examined five times by Dr. Jonathan Holder, an orthopedic specialist, at his Green Haven clinic.  *See id.* ¶¶ 64, 74, 77, 81, 103, 117-119.  Green Haven is in Dutchess County, *see* Facility Listing, New York State Dep't of Corrections & Cmty. Super., http://www.doccs.ny.gov/faclist.html (last visited May 2, 2018), and Dutchess County is within the jurisdiction of this district.

Plaintiff was released on parole on April 5, 2016.  Compl. ¶ 13.  He now resides in New York City.  Dr. Koenigsmann resides in Putnam County, which is in this District, *id.* ¶ 20, and he works in Albany County, which is in the Northern District, Defs.' MOL at 6.  Defendants concede that Dr. Mueller's office is at Fishkill Correctional Facility, *id.* at 5 n.4, which is in

Dutchess County, *see* Facility Listing, New York State Dep't of Corrections & Cmty. Super., http://www.doccs.ny.gov/faclist.html.  Again, Dutchess County is in this District.  Accordingly, Dr. Mueller's official residence is in this District.


## ARGUMENT

### I.     VENUE IS PROPER UNDER 28 U.S.C. § 1391(b)(1) BECAUSE ONE OF THE DEFENDANTS' OFFICIAL RESIDENCE IS IN THIS DISTRICT

The Court should deny Defendants' motion to dismiss for improper venue because venue is proper in this District under 28 U.S.C. § 1391(b)(1), the so-called "residential venue provision."  *See Hall v. S. Orange*, 89 F. Supp. 2d 488, 493 (S.D.N.Y. 2000) (describing the two subsections of § 1391).   "'The provision for residential venue, in [§ 1391(b)(1)], and the provision for transactional venue in [§ 1391(b)(2)], are in the alternative. Venue is proper if either one of those conditions is met."  *Id.* at 493 (quoting 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3804 (2d ed. Supp. 1999)).  The residential venue provision of § 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

Defendants do not dispute that all of the Defendants are residents of the State.  Nor do they dispute that Dr. Koenigsmann resides in this District.  Instead, they contend that "public officials reside in the district in which they perform their official duties," Defs.' MOL at 5; and since "Dr. Koenigsmann works, and performs all his official duties, in DOCCS Central Office

4

which is located in Albany County," he therefore "resides in the Northern District for venue purposes," *id.* at 6.[1]

However, Defendants concede that "Defendant Dr. Mueller . . . currently has an office at Fishkill Correctional Facility, which is located in the Southern District." *Id.* at 5 n.4.  Therefore, according to Defendants' own argument, venue is proper here under § 1391(b)(1).

Nonetheless, Defendants contend that "the Defendants are all employed in the Northern District."  Defs.' MOL at 1; *see also id.* at 5 ("[a]ll Defendants work and perform their official duties, and thereby reside, in the Northern District").  This presents a seeming contradiction: that Dr. Mueller is "employed in the Northern District" and "work[s] and perform[s] [her] official duties . . . in the Northern District" but her office is located and her actual work is performed in the Southern District.  Defendants' argument appears to be that because "[t]he majority of the facilities that Defendant Mueller supervises" are in the Northern District, "her official duties are therefore performed in the Northern District." *Id.* at 5 n.4.  But Defendants offer no authority for this proposition, and Plaintiff has uncovered no case that makes the leap for "official residence" from where the official performs her duties to where the employees are located whom the official supervises.

---

[1] The cases that Defendants cite for the proposition that only "official residence" counts, and the cases Plaintiff identified that support this proposition, involved suits against state officials "in their official capacity" (or in both their individual and official capacities). *See, e.g.*, *Berry v. N.Y. State Dep't of Corr. Servs.*, 808 F. Supp. 1106 (S.D.N.Y. 1992); *South Ogden CVS Store, Inc. v. Ambach*, 493 F. Supp. 374 (S.D.N.Y. 1980); *Fowler v. Fischer*, No. 13-cv-6262 2014 U.S. Dist. LEXIS 113313 (S.D.N.Y. Aug. 14, 2014).  Plaintiff did not locate a case that stands for this same proposition where, like the case at bar, the defendant officials are sued solely in their individual capacity.  It is not clear that the "official residence" rule should apply in such cases.  Indeed, one of the earliest cases from this Court applying the "official residence" rule cites Prof. Moore's treatise, which explicitly links the rule to an "official capacity" claim.  *See Procario v. Ambach*, 466 F. Supp. 452, 454 n.4 (S.D.N.Y. 1979) ("'Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties.'" (quoting 1 Moore's Federal Practice P 0.142(5.1-2) (2d ed. 1978)).  Nonetheless, the Court need not decide whether only "official residence" matters for venue when the official is sued in his individual capacity because Dr. Mueller's official residence is in this District.

There is no logical reason to accept Defendants' stretch of the official residency rule. The origin of the "official residency" rule is unclear,[2] but its logical mooring is that public officials who are sued in relation to the performance of their official duties should be considered residents of the place where they perform those duties.  This purpose carries into effect the reason for setting venue in the place a defendant resides, that is, not wanting to inconvenience a defendant to travel or retain counsel well-beyond the place where he is resident and to prevent plaintiffs from forum shopping.  Defendants' argument – that venue should be placed where the facilities that the official oversees are located (even though the facilities are a great distance from the official's actual office) – supports neither purpose.  If this argument were accepted, it would produce undesirable outcomes.  For instance, a state official who lives and works exclusively in New York City, but is responsible for overseeing a state program operating in Buffalo, would be considered to have his official residency in Buffalo for venue purposes.  That would be illogical and inconvenient for the official if suit were brought in the Western District.

The Court should reject Defendants' argument that Dr. Mueller resides in the Northern District.  Instead it should accept Defendants' concession that Dr. Mueller performs her official duties in this District and therefore, resides in this District.  Accordingly, venue is proper under § 1391(b)(1).

---

[2] The earliest authority Plaintiff found that is cited to support the official residency rule is *Butterworth v. Hill*, 114 U.S. 128 (1885).  In that case, the Court concluded that "[t]he Commissioner of Patents is by law located in the Patent Office.  His official residence is, therefore, at Washington, in the District of Columbia."  *Id.* at 132 (citation omitted).  The case sought to enjoin the Commissioner to issue a patent.  Accordingly, it was a suit against the Commissioner in his official capacity.  The problem was that the suit was brought in the District of Vermont, and the Commissioner was not a resident of Vermont and service on him at his official residence in Washington, D.C. did not bring him within the jurisdiction of the federal court in Vermont.

II.   **THE COURT SHOULD NOT TRANSFER THE CASE TO THE NORTHERN DISTRICT BECAUSE THE PLAINTIFF AND TWO OF THE THREE NAMED DEFENDANTS RESIDE IN THIS DISTRICT, IMPORTANT WITNESSES AND DOCUMENTS ARE LOCATED HERE, SIGNIFICANT EVENTS OCCURRED HERE, AND PLAINTIFF'S CHOICE OF VENUE IS ENTITLED TO SUBSTANTIAL CONSIDERATION**

The Court should deny Defendants' argument for transfer of venue under 28 U.S.C.

§ 1404(a). "The party seeking transfer bears the burden of establishing, by a clear and

convincing showing, the propriety of transfer." *Pierce v. Coughlin*, 806 F. Supp. 426, 428

(S.D.N.Y. 1991) (quotation marks omitted).

Section 1404(a) allows the District Court to transfer venue to "any other district or

division where [the case] might have been brought" if it serves "'the interest of justice and

convenience of the parties and witnesses.'" *Id.* (quoting *Morales v. Navieras de Puerto Rico*,

713 F. Supp. 711, 712 (S.D.N.Y. 1989)).

> In order to determine whether defendants have satisfied the burden of establishing the propriety of a transfer under § 1404(a), the following factors are relevant: "(1) the convenience to parties; (2) the convenience to witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer."

*Id.* (quoting *Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967)).

First, the convenience of the parties weighs in favor of retaining venue here. Plaintiff

resides in this District. Defendant Mueller works in Fishkill, which is in this District, and thus,

her official residence is here as well. It would be more convenient for her to attend a deposition,

hearings, and a trial in White Plains, which is half as far from Fishkill as Albany. Defendant

Koenigsmann also resides in Putnam County, which is in this District, even if his official

7

residence for the purposes of § 1391(b)(1) is in the Northern District.[3]  Again, it is much farther to Albany from Putnam County than it is to White Plains.  The third named party, Dr. Chung Shuk Lee, works at Shawangunk Correctional Facility, which is approximately 81 miles to Albany but only 68 miles to White Plains.  So again, it would be more convenient for him to attend proceedings in this case here in White Plains.

It is also worth noting that the Plaintiff's counsel office is in Manhattan and Defendants' counsel office is in White Plains.  Thus, if venue is transferred to the Northern District, the parties counsel will need to travel from Manhattan and White Plains to Albany for any conference, hearing, and deposition.  Thus, the convenience of all of the parties will best be served by keeping venue here.

Second, the convenience to witnesses similarly weighs in favor of keeping venue in this District.  As detailed in the Complaint, Dr. Jonathan Holder will be an important witness in this case, and his clinic is located at Green Haven Correctional Facility, which is in Dutchess County.  Accordingly, his official residence is in this District.  Milton Zelermyer is another important witness mentioned in the Complaint, and his office is in Manhattan.  There will surely be witnesses who work at Shawangunk but, as mentioned above, Shawangunk is closer to White Plains than to Albany.

Finally, Plaintiff has undergone extensive surgery and treatment after he was released from custody related to the medical conditions at issue in this case, and thus, his treating physicians will be witnesses.  Those witness all work in New York City.  While it is true that other physicians who examined Plaintiff while he was incarcerated work in Albany, there is no

---

[3] Defendants assert that "all Defendants are located in the Northern District," Defs.' MOL at 10, but overlook that Dr. Mueller admittedly works in the Southern District and Dr Koenigsmann lives in the Southern District.  Moreover, Defendants provide no authority to support the proposition that official residence for venue under § 1391(b)(1) is all that matters for determining the convenience of the parties in a § 1404(a) analysis.

certainty that they would be called to testify at trial – their certified medical records and notes may be sufficient – and their depositions, if necessary, could be taken in Albany.  Therefore, the convenience of the witnesses who are most likely needed for trial militates toward keeping venue in this District.  As the Defendants concede, "the convenience of the witnesses" is "a key test" toward determining "the center of gravity of the litigation."  Defs.' MOL at 9 (quotation marks omitted) (quoting *Bordiga v. Directors Guild of Am.*, 159 F.R.D. 457, 462 (S.D.N.Y. 1995)).

Relatedly, because so many of the non-party witnesses are located in this District, the availability of process to compel attendance of unwilling witnesses and the cost of obtaining willing witnesses are both reasons for keeping venue here.  Albany is more than 100 miles from New York City, and thus, it may be that non-party witnesses who work in New York City will not be subject to subpoenaed attendance at a trial, hearing or deposition in Albany under Fed. R. Civ. P. 45(c)(1).  On the other hand, witness who work at Shawangunk will be subject to a subpoena to attend trial or a deposition in White Plains because Shawangunk is within 100 miles of where they work.  *See* Fed. R. Civ. P. 45(c)(1)(A).

Third, significant documents and other evidence are located in this District, both in the Plaintiff's custody and in Dr. Mueller's custody, as well as at the offices of Plaintiff's treating physicians.  There certainly are relevant documents located at Shawangunk, at DOCCS Central Office in Albany, and at Albany Medical Center, but those documents should be readily available and easily produced.  Most likely, those documents will be produced electronically, which would be of very little expense and unaffected by the District where this case is proceeding.  In all, the location of documents weighs in favor of keeping venue here rather than transferring to the Northern District.

Finally, in terms of any practical problems indicating where the case can be tried more expeditiously and inexpensively, and the interests of justice, neither suggests transferring the

case will be better than retaining venue.  Important events in this case took place at Green Haven Correctional where Dr. Holder's clinic is located, and important decisions made by Dr. Mueller apparently took place at Fishkill where her office is located.  Both locations are in this District. Moreover, on a motion to transfer under § 1404(a), "plaintiff's choice of venue is still entitled to substantial consideration, . . . although not so much upon as upon a motion to dismiss for *forum non conveniens*."  *A. Olinick & Sons v. Dempster Bros., Inc.*, 365 F.2d 439, 444 (2d Cir. 1966); *see also Eichenholtz v. Brennan*, 677 F. Supp. 198, 199-200 (S.D.N.Y. 1988) ("appropriate areas of inquiry include . . . the plaintiff's choice of forum").  Defendants acknowledge that "the plaintiff's choice of forum" is one of the "relevant factors here that a court should consider in determining venue."  Defs.' MOL at 9-10.

In sum, balancing the interest of justice and convenience of the parties and witnesses, venue should remain in this District.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion because venue is proper here, where one of the Defendants resides, and the convenience of parties and witnesses and the interest of justice weigh against transfering venue to the Northern District.

Dated: New York, New York
       May 3, 2018

Respectfully submitted,

Joshua S. Moskovitz
BERNSTEIN CLARKE & MOSKOVITZ PLLC
*Attorneys for Plaintiff*