UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RONALD DAVIDSON,
                        Plaintiff,

v.

CHUNG SHUK LEE, Shawangunk
Correctional Facility Health Services Director
(in his individual capacity); SUSAN
MUELLER, Regional Medical Director (in her
individual capacity); CARL J.
KOENIGSMANN, Deputy
Commissioner/Chief Medical Officer (in his
individual capacity); and JOHN and JANE
DOES, medical services staff at Shawangunk
Correctional Facility (sued in their individual
capacities),
                        Defendants.
----------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 9820 (VB)

Briccetti, J.:

      Plaintiff Ronald Davidson brings this action pursuant to 42 U.S.C. § 1983 against defendants Dr. Chung Shuk Lee, Dr. Susan Mueller, Dr. Carl J. Koenigsmann, and unidentified medical services staff, in their individual capacities, alleging defendants were deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments.

      Now pending is defendants' motion to dismiss under Rule 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. #16).

      For the following reasons, the motion is DENIED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

      For the purpose of deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's

1

favor, as set forth below. The Court includes residences and business addresses of defendants and nonparty witnesses, which are relevant to this motion.

Plaintiff brings claims against three named defendants and unidentified medical services staff at Shawangunk Correctional Facility ("Shawangunk"): (i) Lee, the Shawangunk Health Services Director; (ii) Mueller, the New York State Department of Corrections and Community Supervision ("DOCCS") Regional Medical Director; and (iii) Koenigsmann, the DOCCS Deputy Commissioner and Chief Medical Officer. Although Mueller supervises facilities located in the Northern District of New York, her office is located at Fishkill Correctional Facility in the Southern District of New York. Koenigsmann lives in in the Southern District, but works out of DOCCS's central office in the Northern District.

Plaintiff alleges that from 2012 to April 5, 2016, defendants denied him necessary medical care while an inmate at Shawangunk. Specifically, plaintiff alleges defendants failed adequately to treat (i) a serious gastrointestinal disorder, (ii) degenerative conditions in both shoulders and his left knee, (iii) back pain and sciatica, and (iv) periodontal disease.

During this time, Milton Zelermyer, a Prisoners' Rights Project staff attorney at the Legal Aid Society, wrote several letters to defendants regarding the alleged inadequate medical treatment. Zelermyer's office is in Manhattan.

Plaintiff was treated by three gastroenterologists and two ear, nose, and throat specialists, all of whom practice medicine out of Albany Medical Center in Albany, New York. Dr. Jonathan Holder, an orthopedic specialist at Green Haven Correctional Facility in Dutchess County, New York, also examined plaintiff regarding his left shoulder.

On April 5, 2016, plaintiff was released from Shawangunk. Plaintiff currently resides in the Southern District.

Following his release, plaintiff underwent several medical procedures, including a "Stretta procedure" related to his gastrointestinal condition (Compl. ¶ 61), surgery to repair his left shoulder, and dental care for his periodontal disease. All of the treating physicians for plaintiff's post-release procedures practice in the Southern District.

**DISCUSSION**

I. <u>Legal Standards</u>

    A. <u>Rule 12(b)(3)</u>

In deciding a Rule 12(b)(3) motion to dismiss for improper venue, the Court must take all allegations in the complaint as true, unless challenged by defendants. <u>U.S. E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J.</u>, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001), <u>aff'd</u> <u>sub nom.</u>, <u>McKeown v. Del. Bridge Auth.</u>, 23 F. App'x 81 (2d Cir. 2001) (summary order). "When an allegation is so challenged a court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." <u>Id</u>. (internal quotation and alteration omitted). It is the plaintiff's burden to show venue is proper in the forum district. <u>Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.</u>, 927 F. Supp. 731, 735 (S.D.N.Y. 1996).

    B. <u>28 U.S.C. § 1404(a)</u>

The plaintiff's choice of venue is "entitled to substantial consideration." <u>Warrick v. Gen. Elec. Co.</u>, 70 F.3d 736, 741 (2d Cir. 1995) (internal quotation omitted). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." <u>Lykes Bros. S.S. Co. v. Sugarman</u>, 272 F.2d 679, 681 (2d Cir. 1959) (quoting <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947)). Thus, "[i]t is the movant's burden to show that transfer is appropriate by clear and convincing evidence." <u>Hack v. Stang</u>, 2014 WL 4652596, at

*6 (S.D.N.Y. Sept. 18, 2014) (citing N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113–14 (2d Cir. 2010)).

II. Venue

Defendants argue plaintiff's claims should be dismissed because venue is improper in the Southern District.

The Court disagrees.

Venue is determined pursuant to 28 U.S.C. § 1391(b), which provides that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Id. § 1391(b)(1). The residence of a natural person is determined by the judicial district in which that person is domiciled. Id. § 1391(c)(1). Residence of public officials, however, is determined differently.

In a suit against public officials sued in their official capacities, residence for venue purposes is where the public officials perform their official duties. Rosario v. Anson, 2012 WL 4354812, at *1 n.2 (S.D.N.Y. Sept. 18, 2012), report and recommendation adopted, 11 Civ. 6642 (S.D.N.Y. Sept. 24, 2012) (Doc. #30). In a suit against public officials in their individual and official capacities, district courts also look to where the public officials perform their official duties. See, e.g., Madison v. Mazzuca, 2004 WL 3037730, at *14 (S.D.N.Y. Dec. 30, 2004). In a suit against public officials solely in their individual capacities, however, courts disagree regarding whether they should look to where the public official performs official duties or to the public official's individual residence under Section 1391(c). Compare Rosario v. Anson, 2012 WL 4354812, at *1 n.2 (individual residence), with Kinlaw v. Pataki, 2007 WL 4166029, at *1 (W.D.N.Y. Nov. 16, 2007) (where official performed his official duties).

The Court does not need to decide the correct method of determining the residence for venue purposes of public officials sued in their individual capacities because defendants cannot prevail under either test.

All defendants reside in New York, and Koenigsmann's individual residence is in the Southern District. Further, drawing all reasonable inferences in plaintiff's favor, the Court finds at least one defendant—Mueller—performs her official duties in the Southern District. By defendants' own admission, Mueller's office is located at Fishkill Correctional Facility in the Southern District.

Defendants argue Mueller does not have any official duties at any facility in the Southern District, and that Mueller is tasked with supervising facilities in the Northern District only. The Court is not persuaded. Defendants have not offered any evidence to support such a finding. But even assuming Mueller does only supervise facilities in the Northern District, defendants have not provided any evidence that Mueller does not perform official duties out of her office in the Southern District.

In addition, defendants argue plaintiff conceded that Mueller is not a resident of the Southern District in a December 21, 2017, letter to the Court explaining why venue was proper in the Southern District in response to a Court Order requiring him to do so. (Doc. #5). Defendants' argument is meritless, as plaintiff explicitly did not plead Mueller's county of residence at that time. (Doc. #5 at 2 n.2).

Accordingly, venue is proper in the Southern District.

III. Transfer

Defendants argue in the alternative that the Court should transfer the case to the Northern District.

The Court disagrees.

"Absent consent, a motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." Mohsen v. Morgan Stanley & Co. Inc., 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (internal quotation omitted).

In deciding whether transfer is appropriate, the Court should consider, among other things: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation omitted). "The most significant factor to be considered by this Court, in its exercise of discretion, is the convenience of the party and nonparty witnesses." Nieves v. Am. Airlines, 700 F. Supp. 769, 772 (S.D.N.Y. 1988).

Plaintiff could have brought the action in the Northern District. Nonetheless, transfer would be inappropriate.

As an initial matter, defendants did not submit any affidavit in support of their motion, see Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc., 2000 WL 1290585, at *6 (S.D.N.Y. Sept. 13, 2000) ("The movant must support its motion with a detailed factual affidavit."), much less "clear and convincing evidence." Hack v. Stang, 2014 WL 4652596, at *6.

Moreover, defendants have not shown that any factor supports transfer. In particular, defendants fail to show it would be more convenient for party and nonparty witnesses to litigate

6

in the Northern District.  First, Koenigsmann's private residence and Mueller's office are both in the Southern District.  Second, at least two potentially important witnesses—Dr. Holder and Zelermyer—work in the Southern District.  Third, Shawangunk, where plaintiff was incarcerated throughout the relevant time period and the location of Lee's office, is closer to White Plains than to Albany.  And fourth, all of the physicians who examined plaintiff following his release from Shawangunk work in the Southern District.

Accordingly, the Court will not transfer this case to the Northern District.

## CONCLUSION

The motion to dismiss or transfer is DENIED.

Defendants shall file an answer to the complaint by December 3, 2018.

The Clerk is instructed to terminate the motion.  (Doc. #16).

Dated: November 19, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge