UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RONALD DAVIDSON,
            Plaintiff,

v.                                              **ORDER**

CHUNG SHUK LEE, SUSAN MUELLER,     17 CV 9820 (VB)
CARL J. KOENIGSMANN, and JOHN AND
JANE DOES,
            Defendants.
--------------------------------------------------------------x

       On January 16, 2020, plaintiff, who is proceeding pro se, filed a motion requesting that I recuse myself in this case. (Doc. #60). According to plaintiff, in the early or mid-1980s, while I worked at the firm of Townley & Updike, I represented plaintiff on a pro bono basis in a Section 1983 lawsuit and met with him "once or twice," and that the meetings were "very strained" because plaintiff disagreed with me "as to the way [I] was handling" his case. Plaintiff says he now believes I issued certain rulings in the instant action because of my "personal prejudice and dislike" of plaintiff. (Doc. #61). In a subsequent submission, plaintiff asserts he cannot "state with certitude" that I met with him in the 1980s case, but that he was certain I was part of a "team of lawyers that represented" him. (Doc. #63).

       During an on-the-record teleconference held today, at which plaintiff and counsel for defendants appeared, I informed plaintiff that I had no recollection of ever meeting with plaintiff or having worked on a case of his, but that I could not say for certain that I did not, in particular because I did work at the Townley & Updike law firm at the time plaintiff said he was represented by lawyers from that firm. I also stated, in no uncertain terms, that I did not make any rulings in the instant case out of personal prejudice or dislike of plaintiff.

       Accordingly, it is HEREBY ORDERED:

       1. To the extent plaintiff contends that I should recuse myself because I cannot be fair

1

and impartial or that my presiding over the case would give rise to an appearance of impropriety, that contention is rejected. Thus, plaintiff's motion is DENIED.

2. However, in the interest of justice, the Court will recuse itself <u>sua sponte</u>, so as to ensure that the presiding judge is not someone whom plaintiff suspects harbors ill will or prejudice toward him. This case shall be randomly reassigned to another judge in the White Plains courthouse.

3. The stay of discovery will continue.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purposes of an appeal. <u>Cf</u>. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Dated: March 25, 2020
      White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge